UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PML NORTH AMERICA, L.L.C.,
      Plaintiff,

CIVIL ACTION NO. 06-CV-14447-DT

VS.

DISTRICT JUDGE JULIAN ABELE COOK, JR.

WORLD WIDE PERSONNEL SERVS. OF VIRGINIA, INC., et al.,
      Defendants.

MAGISTRATE JUDGE MONA K. MAJZOUB

_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL

This matter comes before the Court on Plaintiff's Motion to Compel filed on January 25, 2008. (Docket no. 37). Defendants have filed a Response brief. (Docket no. 39). Plaintiff has filed a Reply brief. (Docket no. 41). The motion has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 40). The Court heard oral argument on the motion on April 16, 2008. The motion is now ready for ruling.

Plaintiff PML is a provider of business services such as payroll processing and benefits administration. It alleges that it contracted to provide workers' compensation insurance coverage to Defendants but that Defendants have failed to pay PML as promised under the parties' agreement. Plaintiff raises claims of breach of contract and unjust enrichment. Defendants have asserted cross-claims for an accounting and for breach of fiduciary duty and contend that the contracts at issue are void.

Rule 34, Fed. R. Civ. P., controls the production of documents during discovery. It provides that the party upon whom a request is served shall serve a written response within 30 days after the service of the request. Fed. R. Civ. P. 34(b). Rule 37, Fed. R. Civ. P., allows the moving party to move for an order compelling the requested discovery.

Plaintiff served its First Request for Production of Documents on Defendants on November 26, 2007. (Docket no. 37). Defendants served their responses to this Request on January 18, 2008. (*Id.* ex. 3). Plaintiff brings this motion to compel Defendants to produce documents in response to Request Nos. 13, 14, 22, 24, 25, 26, 27, and 28. Defendants objected to producing documents pursuant to these requests based on boilerplate objections of relevancy and that the Requests were overbroad, unduly burdensome, and designed to harass. (*Id.*). Defendants also listed 9 general objections in their Response including that the documents were protected by the attorney-client privilege, work product doctrine, or other privilege. (*Id.*). Defendants failed to submit a privilege log pursuant to Fed. R. Civ. P. 26(b)(5), however.

Defendants failed to serve proper objections to the discovery requests at issue. For example, Defendants' response to Plaintiff's Request to Produce no. 13 is an objection that the request is "not relevant, nor reasonably calculated to lead to the discovery of relevant or admissible evidence." (*Id.*). Defendants' other responses are similar. The filing of boilerplate objections such as these is tantamount to filing no objections at all. *Walker v. Lakewood Condominium Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999); *see Carfagno v. Jackson Nat'l Life Ins. Co.,* 2001 WL 34059032 at *4 (W.D. Mich. Feb. 13, 2001) ("The court strongly condemns the practice of asserting boilerplate objections to every discovery request."). Moreover, Defendants' practice of listing possible privileges in the general objection section of their Response only and failing to submit a privilege log is not proper. *See* Fed. R. Civ. P. 26(b)(5). For these reasons the Court finds that Defendants waived any objections to the discovery requests at issue. *See Phillips v. Dallas Carriers Corp.*, 133 F.R.D. 475, 477 (M.D.N.C. 1990) (Rule 34 waiver).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel (docket no. 37) is **GRANTED**. Defendants shall serve complete responses without objections to Plaintiff's First Request for Production of Documents, nos. 13, 14, 22, 24, 25, 26, 27, and 28 on or before April 30, 2008.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: April 21, 2008                    s/ Mona K. Majzoub
                                         MONA K. MAJZOUB
                                         UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

I hereby certify that at copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: April 21, 2008                    s/ Lisa C. Bartlett
                                         Courtroom Deputy